UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFFREY R. LEBLANC, #333019,

        Plaintiff,

v.                                                      CASE NO. 2:15-CV-13624
                                                        HONORABLE ARTHUR J. TARNOW

RANDY HAAS,

        Defendant.
_____/

### OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT

## I.      Introduction

Michigan prisoner Jeffrey LeBlanc ("Plaintiff") has filed a *pro se* civil rights

complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without

prepayment of the filing fee for this action.  *See* 28 U.S.C. § 1915(a)(1).  His complaint

concerns the validity of his current confinement.  Plaintiff names Warden Randy Haas, in

his personal capacity, as the sole defendant in this action and seeks monetary damages.

Having reviewed the matter, the Court denies the application to proceed without

prepayment of fees or costs and dismisses the complaint without prejudice pursuant to 28

U.S.C. § 1915(g).

## II.     Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances.  The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court.  The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.  *See LeBlanc v. Kalamazoo*

*Co. Sheriff*, No. 1:14-CV-305 (W.D. Mich. July 29, 2014); *LeBlanc v. State of Michigan*,

No. 1:14-CV-552 (W.D. Mich. June 19, 2014); *LeBlanc v. Kalamazoo Co. Government*,

No. 1:14-CV-308 (W.D. Mich. May 21, 2014); *LeBlanc v. State of Michigan*, No.

1:14-CV-237 (W.D. Mich. March 26, 2014).  Additionally, Plaintiff has previously been

denied leave to proceed in forma pauperis for having three strikes on multiple occasions.

*See, e.g., LeBlanc v. Federal Government*, No. 5:15-CV-10706 (E.D. Mich. March 19,

2015); *LeBlanc v. Romanowski,* No. 2:15-CV-10483 (E.D. Mich. March 2, 2015).

Consequently, Plaintiff is a "three-striker" who cannot proceed without

prepayment of the filing fee unless he can demonstrate that he is "under imminent danger

of serious physical injury."  28 U.S.C. § 1915(g).  To fall within the statutory exception to

the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and

proximate' and the danger of serious physical injury must exist at the time the complaint

is filed.  *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing

*Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239

F.3d 307, 313 (3d Cir. 2001) (en banc)).  An assertion of past danger is insufficient to

invoke the exception.  *Id.*  Plaintiff does not allege any facts which indicate that he is

under imminent danger of serious physical injury so as to fall within the exception to the

three strikes rule.  Consequently, he is not allowed to proceed without prepayment of the

filing fee for this action.

*LeBlanc v. Haas*,
No. 2:15-CV-13624
Page 4 of 4

### III.    Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed at

least three previous lawsuits which have been dismissed as frivolous and/or for failure to

state a claim upon which relief may be granted and that he has failed to establish that he is

under imminent danger of serious physical injury so as to fall within the exception to the

three strikes provision of 28 U.S.C. § 1915(g).  Accordingly, the Court **DENIES**

Plaintiff's application to proceed without prepayment of fees or costs and **DISMISSES**

his civil rights complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without

prejudice to the filing of a new complaint with full payment of the filing fee ($350.00)

and the administrative fee ($50.00).

Lastly, the Court concludes that it has properly applied the "three strikes"

provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous

and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 22, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of
record on October 22, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant